IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CODY SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 05-CV-721-HDC-SAJ |
| | ) | |
| RANDALL WORKMAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner, a state inmate appearing *pro se*, filed a response to the motion (Dkt. # 11). Respondent's motion is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition is untimely and Respondent's motion to dismiss should be granted.

### *BACKGROUND*

Petitioner was convicted by a jury of three (3) counts of Sexually Abusing a Minor Child in Tulsa County District Court, Case No. CF-2001-6303. He was sentenced to twenty-five (25) years imprisonment on each count, to be served consecutively. Petitioner appealed his Judgment and Sentence to the Oklahoma Court of Criminal Appeals ("OCCA") where, on August 21, 2003, the judgments and sentences of the trial court were affirmed. (Dkt. # 10, Ex. 1). Nothing in the record suggests Petitioner sought *certiorari* review at the United States Supreme Court.

On May 27, 2004, Petitioner filed his first application for post-conviction relief in the state

district court. (Dkt. # 10, Ex. 2). The District Court for Tulsa County denied post-conviction relief by order mailed to Petitioner on October 29, 2004. (Id.) Petitioner did not appeal the denial of his first application for post-conviction relief to the OCCA. (Id.)

On December 6, 2004, Petitioner filed an amended application for post-conviction relief. (Id.) On December 21, 2004, the state district court construed the amended application as a second application for post-conviction relief, and denied the requested relief. (Id.) Petitioner attempted to perfect a post-conviction appeal in the OCCA. However, by order filed January 31, 2005, in Case No. PC-2005-0065, the OCCA dismissed the appeal based on Petitioner's failure to file his petition in error within the time constraints imposed by Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*. See Dkt. # 10, Ex. 3.

On July 25, 2005, Petitioner filed a third application for post-conviction relief. See Dkt. # 10, Exs. 2 and 4. That application was denied by the state district court on September 27, 2005. (Id.) Petitioner appealed to the OCCA. By order filed November 14, 2005, in Case No. PC-2005-1049, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 10, Ex. 4.

The Clerk of Court received Petitioner's federal petition for writ of habeas corpus for filing on December 21, 2005. (Dkt. # 1).

### *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on November 19, 2003, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on November 19, 2003, and, absent a tolling event, a federal petition for writ of habeas corpus filed after November 19, 2004, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Pursuant to § 2244(d)(2), the limitations period was suspended during the time Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts. On May 27, 2004, Petitioner filed his first application for post-conviction relief. The

application was filed 176 days prior to the November 19, 2004, deadline. Pursuant to § 2244(d)(2), the limitations clock stopped running on May 27, 2004, and did not begin to run again until the state courts completed review of Petitioner's properly filed post-conviction proceeding. The district court denied relief by order entered October 29, 2004. Petitioner did not file a post-conviction appeal from that order. However, the limitations clock did not begin to run again until the thirty (30) day time period for filing a timely post-conviction appeal had lapsed. See Gibson v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000) (holding that the limitations period is tolled for the thirty days during which a petitioner could have filed a timely appeal of the state court's denial of an application for post-conviction relief). Therefore, the limitations clock began to run again thirty (30) days after the state district court denied post-conviction relief, or on November 28, 2004. Thus, the federal limitations period was tolled from May 27, 2004, through November 28, 2004. Once the limitations clock began to run again, Petitioner had to file his federal petition within 176 days.

On December 6, 2004, or eight (8) days after the limitations clock began to run again, Petitioner filed an "amended" application for post conviction relief. Pursuant to § 2244(d)(2), the limitations clock again stopped running on December 6, 2004, with 168 days remaining in the one-year period, and did not begin to run again until the state courts completed review of Petitioner's properly filed post-conviction proceeding. On December 21, 2004, the state district court construed the amended application as a second application for post-conviction relief and denied relief. Petitioner attempted to commence a post-conviction appeal in the OCCA. However, on January 31, 2005, the OCCA dismissed the post-conviction appeal as untimely. As a result, the post-conviction appeal was not "properly filed" and Petitioner is not entitled to tolling of the limitations period during the pendency of the appeal. The limitations clock began to run again thirty (30) days after

4

the state district court denied post-conviction relief, or on January 20, 2005. Gibson, 232 F.3d at 803-04. Thus, the federal limitations period was tolled from December 6, 2004, through January 20, 2005. Once the limitations clock began to run again, Petitioner had to file his federal petition within 168 days or by July 7, 2005, to be timely.

Petitioner filed a third application for post-conviction relief. However, the Court finds Petitioner is not entitled to further statutory tolling as a result of the filing of the third application for post-conviction relief. That application was filed July 25, 2005, or more than two (2) weeks after the limitations period had expired on July 7, 2005. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001); see also Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D. N.Y. 1998). As a result, the proceedings on Petitioner's third application for post-conviction relief did not toll the limitations period in this case. Therefore, Petitioner's federal habeas petition, filed December 21, 2005, appears to be untimely and should be dismissed unless Petitioner demonstrates entitlement to statutory or equitable tolling of the limitations period.

Section 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to diligently pursue his claims and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978. In this case, Petitioner does not argue that he is entitled to statutory or equitable tolling of the limitations period. In response to the motion to dismiss (Dkt. # 11),

Petitioner does not dispute the limitations calculations set forth by Respondent. Instead, Petitioner asserts that Respondent chose to file the motion to dismiss because he was unable to "refute any and all of the issues presented within Petitioner's petition." See Dkt. # 11. He further asserts, erroneously, that "there is no time limitation for alleging, with evidence within the record, a Constitutional violation and/or deprivation when the same amounts to a Fundamental Miscarriage of Justice." See id.

After careful review of the record, the Court finds Petitioner has failed to demonstrate entitlement to any additional tolling of the limitations period. Petitioner has not demonstrated that he diligently pursued his claims or that extraordinary circumstances beyond his control prevented him from timely filing his petition. See Gibson, 232 F.3d at 808. Significantly, Petitioner offers no explanation for his delay of more than nine (9) months between the conclusion of his direct appeal and the filing of his first application for post-conviction relief. He offers no explanation for his failure to raise all of the claims identified in the third application for post-conviction relief in his first application for post-conviction relief or for his failure to file a post-conviction appeal from the denial of his first application for post-conviction relief. The Court concludes that Petitioner is not entitled to equitable tolling of the limitations period. The petition for writ of habeas corpus shall be dismissed with prejudice as barred by the statute of limitations.

## *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Therefore, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

3. A separate Judgment shall be entered in this case.

SO ORDERED THIS 4th day of August, 2006.

_____
HONORABLE H. DALE COOK
Senior United States District Judge